## Commonwealth v. DiPreta

*Joseph J. Nelson,* District Attorney, and *Robert F. Banks,* Assistant District Attorney, for Commonwealth.

*Francis J. Fornelli,* for defendant.

STRANAHAN, P. J., April 6, 1971.—This court previously wrote an opinion in this case, in which it

held that a count of larceny might be added to an original charge of receiving stolen goods when the matter was submitted to the grand jury, provided the larceny charge was a part of the same incident out of which the charge of receiving stolen goods had originated. This the court held might be done without first securing the permission of the court, and even though the justice of the peace had dismissed the larceny charge, and bound defendant over solely on the charge of receiving stolen goods. Further reference to this general subject matter may be found in the opinion referred to.

Defendant had made a motion to quash the indictment charging defendant with larceny, and upon receiving the court's opinion has now asked that he be allowed to reargue the case in order to have the court consider two other questions that were not specifically ruled upon in the previous opinion.

Both of these questions are matters of first impression in that this court cannot find any cases that particularly shed any light on the problem.

The first question is whether adding the charge of larceny at the time the indictment was submitted to the grand jury violates Rule 203 of the Pennsylvania Rules of Criminal Procedure.

It is the defense counsel's position that, since a new charge has been added against his client, he has been denied his right to either challenge the array of the grand jurors or to challenge individual grand jurors for cause.

The purpose of rule 203 is to provide a defendant with the opportunity to challenge the array of the grand jurors on the ground that they were not selected, drawn or summoned substantially in accordance with the law. The rule also permits an individual grand juror to be challenged for cause, and it is designed

to afford sufficient time to permit this to be properly done. Rule 203(c) provides that no bill of indictment shall be submitted to a grand jury within 10 days after defendant is held for court, unless he consents thereto.

The purpose of the rule is illustrated by the case of Commonwealth v. Dessus, 423 Pa. 177, in which defendant's case was submitted to the grand jury on the same day he was bound over by the magistrate. Therefore, he was not afforded a reasonable opportunity to object to the grand jury.

In the present case, this court cannot see how defendant has been prejudiced in any way by the fact that larceny was added to the original charge of receiving stolen goods. Defendant had the right to challenge the entire array of grand jurors if they were improperly selected and this right would exist regardless of the crime charged against defendant. His other right was the right to challenge individual grand jurors for cause, and this court cannot believe that there would be grounds for challenging a juror for cause that would be present if defendant were charged with larceny as distinguished from being present if defendant was charged with receiving stolen goods.

In short, defendant's right to challenge the grand jury was not denied him in this case, and we hold that the addition of the larceny charge does not deny him the right to proceed under rule 203, since he was aware of the fact that he was being charged with a felony, and had ample opportunity to proceed under rule 203 had he elected to do so.

The next argument of defendant is an interesting one, in that it is contended by defendant that the grand jury suggested to the district attorney that he add a count in the indictment to include larceny.

In order to keep the record straight, the court swore the district attorney as a witness and he testified that this, in essence, was true in that the grand jury after it heard the testimony offered by the Commonwealth, but before it commenced its deliberation, suggested to the district attorney that the evidence supported an indictment for larceny, as well as receiving stolen goods. Armed with this information, the district attorney had one of his assistants prepare a new indictment which included the count of larceny as well as receiving stolen goods. This indictment was submitted to the grand jury and after deliberation it returned and approved a true bill on both counts.

Defendant argues that the grand jury must return a presentment under these circumstances and that failing to do this the indictment must be quashed.

It is true that the grand jury under certain circumstances does have the right to return a presentment. These circumstances include matters which are given to it in charge by the court or matters which are within the grand jury's own knowledge. The presentment under these circumstances is returned to the court and reflects the deliberations of the grand jury on the types of matters above referred to.

In the present case, the action of the grand jury was not in the nature of a presentment, nor could it have been that type of proceeding, since the grand jury did not, of their own knowledge, know about the larceny case, nor were they charged by the court as to the matter.

It would appear from the district attorney's testimony that the grand jury merely offered the district attorney a piece of free legal advice which the district attorney elected to accept. While this is the reverse of the ordinary situation in which the district attorney advises the grand jury, this court cannot find any-

thing wrong with what was done, nor does it believe that the grand jury was improper in doing it.

We, therefore, conclude that the fact that the district attorney prepared the bill of indictment at the suggestion of the grand jury is immaterial and does not invalidate the count in the indictment dealing with larceny.

We therefore conclude as we did in the previous opinion, that the indictment is proper and that the motion to quash must be dismissed.

### ORDER

And now, April 6, 1971, this matter having come before the court on a rehearing on a motion to quash the indictment charging defendant with larceny, and this court having further considered the arguments of defendant, it is ordered that his motion to quash is refused.